37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James F. ALEXANDER; Joseph Whitfield, Plaintiffs-Appellants,
v.
Sally LANGLEY; Sal Ahmed; Adrianne Sciortino, Defendants-Appellees.
 No. 94-1383.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs, James F. Alexander and Joseph Whitfield, appeal a district court judgment granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Secs. 1981, 1983, 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The specific allegations of the plaintiffs' complaint are adequately set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that plaintiffs sued a Program Coordinator at the State Prison of Southern Michigan (SPSM), a Special Activities Director at SPSM, and an Assistant Deputy Warden at SPSM, alleging violation of the plaintiffs' civil rights as they relate to plaintiffs' right to meet as a social group and to produce a publication within the prison. Plaintiffs sought declaratory, injunctive and monetary relief. Defendants are sued in their individual and official capacities.
 
 
 3
 The magistrate judge recommended that defendants' motion for summary judgment be granted in part and denied in part. In an order and judgment dated March 25, 1994, the district court adopted in part and rejected in part the magistrate judge's report and recommendation. The court rejected the magistrate judge's recommendation on the First Amendment claim finding that plaintiffs failed to plead a violation of their First Amendment rights.
 
 
 4
 On appeal, plaintiffs argue that the district court failed to consider the constitutional bylaws and articles of incorporation as a contract between the NAACP Buchanon Branch and the Michigan Department of Corrections (MDOC). Plaintiffs also claim that the district court failed to consider a claim of retaliation against defendants. Lastly, plaintiffs request that this court remand this matter to the district court to allow them to amend their complaint to show "gross negligence" and an "egregious abuse of governmental powers." A request for counsel is also made in the appellate brief.
 
 
 5
 Upon review, we affirm the district court's judgment as there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 It is apparent from the complaint that plaintiffs did not allege that their First Amendment rights were violated, but rather alleged that a policy directive was not followed. No where in the complaint nor the "Motion to Submit Exhibits" did plaintiffs mention the First Amendment. Although pro se pleadings are held to a less stringent standard, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), basic pleading essentials are not abrogated in pro se suits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989). "The trial and appellate courts should not have to guess at the nature of the claim asserted." Id. Therefore, the district court properly rejected the magistrate judge's recommendation since plaintiffs failed to state a First Amendment claim.
 
 
 7
 The defendants were entitled to summary judgment on plaintiffs' Sec. 1981 claim. The United States Supreme Court has construed Sec. 1981 to forbid all racial discrimination in the making or enforcement of private as well as public contracts. St. Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987). 42 U.S.C. Sec. 1981 is inapplicable to this action as the complaint did not allege the existence of a contract between the plaintiffs and the defendants.
 
 
 8
 Summary judgment was proper to the extent plaintiffs asserted a claim under Sec. 1983. Although "Sec. 1983 by itself does not protect any one against anything[,]" Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979), the statute "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States...." Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982). Here, the parties do not dispute that defendants acted under color of state law. Rather, plaintiffs claim that the defendants deprived them of their Fifth and Fourteenth Amendment rights. Accordingly, Sec. 1983 alone affords plaintiffs no basis for relief.
 
 
 9
 Summary judgment was proper as to the property claims. These claims bespeak of mere negligence which does not implicate due process concerns. Daniels v. Williams, 474 U.S. 327, 333-36 (1986); Jones v. Sherrill, 827 F.2d 1102, 1106 (6th Cir.1987). These claims are also properly dismissed under the doctrine enunciated in Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). The alleged deprivation was random and unauthorized because the defendants were not in a position to anticipate the deprivation and give plaintiffs pre-deprivation notice. See Zinermon v. Burch, 494 U.S. 113, 136-38 (1990). Hence for these claims to survive, plaintiffs were required to show that their state court remedies were inadequate to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). Plaintiffs have utterly failed to do so. MDOC provides plaintiffs with a meaningful postdeprivation remedy for the loss of their property. Additionally, under Mich.Comp.Laws Sec. 600.2920, a civil action may be brought to recover goods or chattels that have been unlawfully taken or detained. Plaintiffs also have a common law action in negligence or for trespass to chattels or conversion.
 
 
 10
 This court is unable to discern any allegation in the complaint which supports a retaliation claim. There is no allegation that Whitfield was transferred to another facility or even a claim that the motive for such a transfer was in retaliation for exercising a constitutionally protected right. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances warrant addressing this claim now. In any event, the retaliation claim is conclusory. Conclusory allegations of constitutional misconduct do not state a claim. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 11
 Plaintiffs' equal protection, conspiracy, and state law claims were not raised on appeal; therefore, these claims are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 12
 Accordingly, the request for a remand is denied, the request for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.